DAVID PINGREE & *al. petitioners for certiorari, versus* THE COUNTY COMMISSIONERS OF PENOBSCOT.

The expense of making highways through unincorporated tracts of land, is to be borne wholly by the proprietors; or wholly by the county; or by both jointly, in such proportions as the County Commissioners shall adjudge.

In locating such a highway, it is indispensable to the validity of their doings, that the Commissioners decide at whose expense, in whole or in part, the highway shall be made; and also whether the tract or any part of it, and what part of it, if any, will be enhanced in value, by means of such location.

PETITION, with a view to quash the proceedings of the County Commissioners in locating a highway through an unincorporated tract of land, not included within the bounds of any organized plantation. The petitioners are the proprietors of the tract.

In locating the highway, the Commissioners did not decide whether the tract or any portion of it, would be thereby enhanced in value. And this omission was one of the reasons assigned in the petition for quashing the proceedings. No assessment has been made, toward the expense of making the road.

*Kelley* and *McCrillis*, for petitioners.

*J. Waterhouse*, contra.

No adjudication as to the enhancement of value was called for.

1. The petition, on which these proceedings were had, prayed for the location of the road only. The Commissioners were not called upon to make an assessment, or to decide whether any part of the tract was enhanced in value by such location. It will be in season to decide that, any time pre-

vious to an assessment, to which it relates. R. S. chap. 25, § 44 and 45.

2. No assessment has ever been made. Therefore no injustice has been done by neglect to adjudicate as to enhancement of value. 17 Mass. 357 ; 23 Maine, 9.

HOWARD, J.— The petitioners are owners of land in *township* numbered four, Penobscot county, and not within the limits of any organized plantation, or incorporated town. The highway in question, was located over a portion of their land, and through the adjacent towns of Lincoln and Lee, then incorporated.

Two errors are assigned as reasons for granting a writ of *certiorari* to quash the proceedings of the County Commissioners, in reference to the location.

1. That no such notice was given to the petitioners, of the pendency of the petition, for the location of the highway, as is required by law ; and that it did not appear by the records of the County Commissioners, whether the owners of the *township* were known or unknown.

2. That the County Commissioners did not decide whether the *township*, or any part of it, was enhanced in value by the location of such highway.

A consideration of the first error assigned, does not become material to the disposition of this case, in the view we take of the matter embraced by the second.

By the Rev. Stat. c. 25, § 44, County Commissioners are authorized to lay out highways, " in or through any tract, township or plantation," other than towns or organized plantations. " And the same shall be done at the expense of the proprietors of said tract, township or plantation, or of the county, or partly at the expense of each, as said Court shall order. All the proprietors of such tracts of land, townships or plantations, last mentioned, shall be held to pay their proportion, according to their interest, of all costs and expenses of making and repairing the ways aforesaid." By other provisions of the same chapter, the County Commissioners are authorized to apportion

Pingree *v.* County Commissioners.

assess and raise sums sufficient to defray the expenses, neces-
sary for the construction and repair of the highway, so located
by them.   The 47th § is as follows : — " Whenever any high-
way shall be laid out by the County Commissioners, through
any unincorporated tract of land, the said Commissioners *shall
decide* whether, in their opinion, such tract, or any part thereof,
will be thereby enhanced in value.   Said Commissioners may,
upon a plan of said tract, whether consisting of one or more
townships, make as many divisions, as they may think equitable,
conforming, as near as convenient, to known divisions, or sepa-
rate ownerships ; and they may assess upon each division, which
they shall consider to be enhanced in value, towards the ex-
pense of making and opening such road, such sum, as in their
judgment, shall be proportionate to the value, and the benefits
likely to result to it, from the establishment of such road."

Viewing all these provisions together, it is apparent that it
was the intention to require necessary ways to be made through
the lands in unincorporated places, at the expense of the pro-
prietors, wholly, or in part, if the County Commissioners should
so determine ; although the lands should not be particularly
benefited by the way ; and to compel those, whose lands were
particularly benefited, to pay more than others, according to
the value of the land, and the benefits likely to result from the
establishment of the way.

All proprietors in such unincorporated places, as well as the
county in which they are located, would be interested that the
County Commissioners should decide, at whose expense the
way should be made, and whether, in their opinion, any portion
of the tract would be enhanced in value ; as such decision
would determine the extent of the respective liabilities, for con-
structing the way, and might materially affect the price and
value of the " divisions, or separate ownerships."   Hence, the
statute requires, absolutely, that they shall make such decision,
whenever they shall lay out such way.

Upon looking into the record of the County Commissioners,
we perceive that they did not comply with the requirements of
the 47th section of the statute referred to, in any respect, in

locating the highway described; and it appearing that the peti-
tioners are aggrieved, by the apparent irregularity and defects,
in such location, a writ of *certiorari* is granted.